IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID UPTON,

    Petitioner,                               No. 2:11-cv-01513 JAM KJN PS

    v.

ANDRE BIROTTE JR., United States Attorney for the Central District of California,

    Respondent.                           FINDINGS AND RECOMMENDATIONS

        Petitioner, who also refers to himself as plaintiff, is proceeding without counsel and filed a petition for a writ of mandamus ("Petition") and an application to proceed in forma pauperis.[1] Petitioner seeks a writ of mandamus compelling the United States Attorney for the Central District of California to "present criminal charges against Ninth Circuit Chief Judge Alex Kozinski, Chief District Judge Audrey B. Collins, Chief Magistrate Judge Stephen J. Hillman, and Magistrate Judge Patrick J. Walsh, to a federal grand jury, to procure indictment(s) for prosecution of crimes committed against Plaintiff David Upton." (Petition at 9.) For the reasons stated below, the undersigned recommends that the petition be dismissed with prejudice pursuant

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  to 28 U.S.C. § 1915(e)(2)(B), and that petitioner's application to proceed in forma pauperis be
2  denied as moot. In short, the petition is not only frivolous, but also fails to satisfy the legal
3  requirements for mandamus relief.

4  I.     PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS

5           Petitioner has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
6  § 1915. Although petitioner's application and declaration make the showing required by 28
7  U.S.C. §§ 1915(a)(1) and 1915(2), the undersigned recommends that the application to proceed
8  in forma pauperis be denied as moot because, as discussed below, the undersigned also
9  recommends that the Petition be dismissed without leave to amend.

10          The determination that a plaintiff may proceed in forma pauperis does not
11 complete the inquiry. The court is also required to screen complaints brought by parties
12 proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
13 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to section 1915(e)(2), the court shall dismiss a
14 case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation
15 of poverty is untrue, the action is "frivolous or malicious," the complaint fails to state a claim on
16 which relief may be granted, or the action seeks monetary relief against a defendant who is
17 immune from such relief. 28 U.S.C. § 1915(e)(2)(A)-(B).

18 II.    SCREENING THE PETITION[2]

19          Petitioner is also the plaintiff in a civil rights action that is proceeding in the U.S.
20 District Court for the Central District of California: Upton v. Schwarzenegger, No. 5:10-cv-
21 00631-ABC (PJW) ("Central District Action"). (Petition ¶¶ 3, 5.) Petitioner alleges that on June
22 18, 2010, January 19, 2011, and May 10, 2011, United States Magistrate Judge Patrick J. Walsh

---

[2] Petitioner seeks mandamus relief pursuant to 28 U.S.C. §§ 1361 and 1631. (See Petition ¶ 2.) Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Petitioner's citation to 28 U.S.C. § 1631 as a basis for this court's jurisdiction is in error, as that statute concerns the transfer of a civil action "to cure want of jurisdiction."

unlawfully dismissed petitioner's complaint and amended complaints, and that such dismissals constitute criminal acts. (Id. ¶¶ 6, 9 & Exs. B-D.) Magistrate Judge Walsh's orders indicate that each dismissal was with leave to amend, and that petitioner appears to have consistently ignored Magistrate Judge Walsh's admonitions each time petitioner amended his complaint in the Central District Action. A review of the docket for the Central District Action reveals that petitioner recently filed a Third Amended Complaint in that action, which has not yet been addressed by Magistrate Judge Walsh. (Upton v. Schwarzenegger, No. 5:10-cv-00631-ABC (PJW), Dkt. No. 50.)

Despite being given leave to amend in the Central District Action, petitioner filed a judicial misconduct complaint seeking the disqualification of Magistrate Judge Walsh from the Central District Action. (See Petition ¶¶ 8-9 & Ex. E.) Petitioner's judicial misconduct complaint was forwarded to the following judges for review: Chief Circuit Judge Alex Kozinksi of the U.S. Court of Appeals for the Ninth Circuit; Chief District Judge Audrey B. Collins of the U.S. District Court for the Central District of California; Chief Magistrate Judge Stephen J. Hillman of the U.S. District Court for the Central District of California; and Magistrate Judge Walsh. (Id. ¶ 10 & Ex. E.) Petitioner alleges that Chief Judge Kozinski, Chief Judge Collins, and Chief Magistrate Judge Hillman "intentionally, recklessly, willfully, and wantonly refused to require Magistrate Judge Patrick J. Walsh to recuse himself from presiding over" the Central District Action, in violation of 18 U.S.C. § 241 and 242. (Id. ¶¶ 10, 17.)

Petitioner alleges that his Petition "is a criminal complaint under 18 U.S.C. §§ 241 and 242, to compel the United Sates Attorney for the Central District of California, to pursue federal grand jury indictment(s)."[3] (Petition ¶ 2; see also id. ¶ 1.) In short, petitioner alleges that Magistrate Judge Walsh's orders dismissing the pleadings in the Central District

---

[3] Petitioner filed his petition in this court because of "the apparent conflict of interest existing in any other judicial district where an action of this nature may have otherwise been lawfully brought." (Petition ¶ 2.)

3

Action with leave to amend and the denial of the judicial misconduct complaint constitute conspiratorial criminal acts that deprived petitioner of his First Amendment right to petition the court for a redress of grievances. (See id. ¶¶ 23, 26, 29.) As noted above, petitioner seeks a writ of mandamus from this court compelling the United States Attorney for the Central District of California to "present criminal charges against Ninth Circuit Chief Judge Alex Kozinski, Chief District Judge Audrey B. Collins, Chief Magistrate Judge Stephen J. Hillman, and Magistrate Judge Patrick J. Walsh, to a federal grand jury, to procure indictment(s) for prosecution of crimes committed against Plaintiff David Upton."[4] (Petition at 9.)

As an initial matter, the undersigned recommends that this petition be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is completely duplicative of another action filed by petitioner in another court. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)). Petitioner filed an identical petition for a writ of mandamus seeking identical relief in the U.S. District Court for the District of Columbia, and that district court dismissed that petition on the merits and as a frivolously filed action.[5] See Upton v. Birotte, Civil Action No. 11-1332, 2011 WL 2938134, at *1 (D.D.C. July 21, 2011) (unpublished) ("Upton I").[6]

---

[4] Petitioner does not seek, and nor could he seek, to impose civil liability on defendant or any of the persons identified in his Petition. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of a claim brought by an individual for violation of 18 U.S.C. § 241), cert. denied, 549 U.S. 1231 (2007); accord Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability").

[5] A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

[6] A court may take judicial notice of court records and other matters of public record. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1037 (9th Cir. 2005); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995), cert. denied 516 U.S. 964 (1995).

1  Accordingly, the petition filed in this court should be dismissed with prejudice as frivolous.  As
2  discussed below, the petition is also frivolous on the merits.
3          Even assuming that petitioner's claims are ripe and not frivolous, the undersigned
4  recommends that the petition be dismissed with prejudice because petitioner cannot satisfy the
5  standards that govern mandamus relief.  "Mandamus is an extraordinary remedy" that will only
6  issue when "(1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act
7  is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate
8  remedy is available."  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).
9  Generally, "mandamus may not be used to impinge upon an official's legitimate use of
10 discretion."  Id. at 1376.  Nevertheless, mandamus may lie when an agency or official ignores or
11 violated "statutory or regulatory standards delimiting the scope or manner in which such
12 discretion can be exercised."  Id.
13         Here, petitioner's claims are hardly "clear and certain."  As the district court for
14 the District of Columbia concluded, "petitioner's application to compel a criminal investigation
15 of judges simply because he disagrees with their rulings lacks 'an arguable basis in law and fact'
16 and, thus, is frivolous."  Upton I, 2011 WL 2938134, at *1.  The undersigned agrees with this
17 assessment, which results in petitioner's failure to satisfy the first requirement for mandamus
18 relief.
19         However, even assuming that petitioner satisfies the "clear and certain" standard
20 for mandamus relief, he cannot demonstrate that the U.S. Attorney for the Central District of
21 California's duty to act is ministerial and so plainly prescribed as to be free from doubt.  Indeed,
22 the decision to investigate or prosecute a crime generally lies within the prosecutor's discretion.
23 See United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what
24 charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's
25 discretion."); cf. Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978) ("While district courts have
26 certain responsibilities in connection with selecting, instructing, and supervising grand juries, . . .

the investigation of crime is primarily an executive function.  Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises."); accord Olagues v. Russoniello, 770 F.2d 791, 799-800 (9th Cir. 1985).  And courts within and outside this Circuit have persuasively concluded that mandamus relief does not lie to control a prosecutor's exercise of discretion regarding whether and when to initiate a prosecution.  See, e.g., Powell v. Katzenberg, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.  Mandamus will not lie to control the exercise of this discretion."), cert. denied, 384 U.S. 906 (1966); Bryan v. Def. Tech. U.S., No. CIV S-10-2241 KJM GGH P, 2011 WL 590902, at *3-4 (E.D. Cal. Feb. 10, 2011) (unpublished) (collecting cases and concluding that mandamus relief does not lie to compel the United States Attorney to exercise his discretion to prosecute an alleged crime), adopted by 2011 WL 3585959 (E.D. Cal. Aug. 16, 2011).  The district court in Upton I similarly dismissed that petition on this ground.  Upton I, 2011 WL 2938134, at *1 (stating that "the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution").  Accordingly, petitioner cannot meet the second requirement for mandamus relief.

Finally, petitioner has not, and cannot, demonstrate that no other adequate remedy is available.  As petitioner was correctly advised in Upton I, the "federal appeals process provides an adequate remedy for petitioner to challenge the adverse rulings of the lower courts."  Upton I, 2011 WL 2938134, at *1.  Thus, petitioner cannot satisfy the third requirement for mandamus relief.

Briefly stated, the Petition filed in this court should be dismissed with prejudice for multiple reasons.  Not only is the Petition frivolous as duplicative of another petition filed by the petitioner, it is frivolous because it lacks an arguable basis in law.  Additionally, the Petition fails to satisfy the legal requirements for mandamus relief.

////

III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of mandamus be dismissed with prejudice.

2. Petitioner's application to proceed in forma pauperis be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: September 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE